KLEIN, J.
Dr. Feld, an obstetrician, was a participant in the Florida Birth Related Neurological Injury Compensation Association (NICA), which was established by our legislature to provide no-fault compensation for birth-related neurological injuries to *1071 infants. §§ 766.301-316, Fla. Stat. (Supp. 1988). This entitled Dr. Feld to immunity from medical malpractice lawsuits for such injuries.
NICA was required by statute to furnish physicians with forms providing notice to obstetrical patients that the physician’s participation would limit the remedy for such injuries. § 766.316. Because NICA failed to provide the forms of notice to Dr. Feld, resulting in his not furnishing the notice to his patients, he did not receive the statutory immunity he bargained for in a case in which a baby was born with a neurological injury. After settling the claim, he, his P.A., and his insurer brought this action against NICA on theories of negligence and breach of contract and prevailed. We affirm.
Section 766.316, Florida Statutes (Supp. 1988), provided:
Notice to obstetrical patients of participation in the plan. — Each hospital and each participating physician under the Florida Birth Related Neurological Injury Compensation Plan shall provide notice to the obstetrical patients thereof as to participation in the limited no-fault alternative for birth-related neurological injuries. Such notice shall be provided on forms furnished by the association and shall include a clear and concise explanation of a patient’s rights and limitations under the plan.
In the present case the evidence showed, without dispute, that Dr. Feld joined NICA in November 1988, and that NICA sent forms required by section 766.316 for the first time to physicians in general in February 1989. NICA did not, however, send the forms to Dr. Feld or his P.A. until July 1990.
Dr. Feld delivered a baby in March 1989 with birth-related neurological injuries and, because the patient had never received notice that Dr. Feld and his P.A. participated in NICA, Dr. Feld and his P.A. were exposed to a medical malpractice lawsuit. Galen of Fla. Inc. v. Braniff, 696 So.2d 308 (Fla.1997)(holding that the pre-delivery notice required by section 766.316 was a condition precedent to a medical provider’s statutory immunity).
In this lawsuit, Dr. Feld, his P.A., and his insurer sought recoupment against NICA for the damages they incurred as a result of their loss of immunity. The trial court found as a matter of fact that NICA was guilty of both negligence and breach of contract, and awarded damages, including what was paid to settle the claim, attorney’s fees and costs.
NICA argues that it is not authorized by statute to pay compensation to anyone other than children who are neuro-logieally injured during birth and their parents. Dr. Feld responds that section 766.314(3) states that “funds collected by the association and any income therefrom should be disbursed only for the payment of awards under ss. 766.301-766.316 and for the payment of reasonable expenses of administering the plan.” He argues that this is a reasonable expense of administration based on NICA’s failure to comply with its obligations to a participant. We agree.
In addition, under section 766.315(4)(f), (h), and (k), NICA is allowed to sue and be sued in “all actions and proceedings, in its name to the same extent as a natural person.” The damages awarded in this case are, in our opinion, contemplated by the statute.
NICA also argues that it cannot be liable under theories of breach of contract or negligence. In Florida Department of Insurance v. Southeast Volusia Hospital District, 438 So.2d 815 (Fla.1983), the issue involved the constitutionality of the Florida Patient’s Compensation Fund, a non-profit entity created by the legislature *1072 to provide medical malpractice protection to physicians and hospitals. In the second paragraph of its opinion our supreme court described the relationship between the Fund and the participants as contractual. Similarly, there was a contractual relationship here between Dr. Feld and his P.A. and NICA. We therefore conclude that the association can be liable for breach of contract, making it unnecessary for us to reach the issues involving tort liability.
We find that the other issues raised by the association are without merit. Affirmed.
DELL and STONE, JJ., concur.